## THE BUTCHER CASES.

### ADOLPH SCHUTZE V. THE STATE.

In an indictment under articles 2417 and 2418 of Paschal's Digest it is sufficient to charge the offense in the language of the statute, which reads as follows: " Every person who shall butcher beef, for the market of any town or village, shall keep lists of the marks and brands of all the cattle slaughtered by him, and stating from whom purchased, and, at least once in each month, shall return the same, verified by his oath, to the clerk of the county court, who shall cause the same to be recorded in his office, and keep them subject to the inspection of the public, which oath may be taken before any person authorized by law to administer oaths; and the clerks shall be entitled to such fees as is [are] provided by law for similar services. Should any butcher fail to render such list for any month by the 15th day of the next succeeding month, he shall be deemed guilty of a misdemeanor, and on conviction shall be fined not less than fifty or more than one hundred dollars for each offense, one-half of which shall go to the informer, and the other to the jury fund, as above provided; and, if he return a false list, shall be guilty of false swearing, and liable to prosecution therefor, as in other cases."

Where the defendant was indicted as " J. S.," and judgment was rendered against him as " A. S.," the case was reversed, and the court directed to render the judgment in accordance with the indictment and verdict of the jury.

APPEAL from Bastrop. The case was tried before Hon. JOHN IRELAND, one of the district judges.

The indictment charged that Julius Schutze and —— Miller, whose christian name to the grand jurors is unknown, &c., &c., did then and there butcher beef for the market of the town of Bastrop, and that they, the said Schutze and Miller, butchering as aforesaid, then and there failed to return a list with the marks and brands, stating in said lists from whom they purchased all the cattle slaughtered by them in the month aforesaid, for the market aforesaid, verified by their oath, to the clerk of the county court of Bastrop county, by the 15th day of the next ensuing month of June, A. D., 1866.

The defendants moved to quash the indictment, because it charged no offense against the law, and because the charges are vague and indefinite; which motion was overruled, and Schutze plead "not guilty." The jury found him guilty, and assessed his fine at $50. He moved an arrest of judgment and for a new trial, which motion was overruled. The charge of the court was general, but the facts are not given.

The verdict was against Schutze. His recognizance to appear in the district court described him as Adolph Schutze. The style of the judgment is, The State v. Schutze & Miller. The verdict, "that the jury found the defendant Schutze, guilty," &c. The judgment was to recover against Adolph Schutze.

The recognizance to the Supreme Court on appeal describes him as Adolph Schutze. He was therefore indicted as Julius Schutze, while convicted as Adolph Schutze.

*Hancock & West*, for the appellant.

*E. B. Turner, Attorney General*, for the state.

CALDWELL, J. The indictment charges that the defendant "did then and there butcher beef for the market of

the town of Bastrop,   *   *   *   *   and did then and there fail to return lists of the marks and brands, stating in said lists from whom purchased, of all cattle slaughtered by him."

The indictment is not so artistically drawn as to escape criticism, yet we do not encounter the embarrassments which beset the counsel of defendant in determining its legal sufficiency.

The object of the law is to compel butchers to keep a record of all cattle slaughtered by them, with evidence of the identity of each animal, that crime might be prevented, or detected and punished. The law prescribes what this evidence shall consist of.

It is enacted that every person who shall butcher beef *   *   *   shall "keep lists" of all cattle slaughtered, with the names of persons from whom purchased, together with the marks and brands, and such "lists," verified by affidavit, shall be recorded by the clerk of the county court.

The lists would not be complete without those requirements. In contemplation of law, it would be no list at all. The clerk would not be authorized to record a partial one. It must state from whom purchased, marks, and brands, and if of one's own raising, the fact should be so stated.

From this it would seem, that to charge substantially a failure to return lists of cattle slaughtered, as required by law, negatives such a compliance as would exonerate the defendant, and would be sufficient.

The pleadings are all regular, and except the judgment there is no error. Judgment is entered against Adolph Schutze, a party unknown to the record, which is evidently a mistake. For which cause it must be reversed and remanded, with instructions to enter judgment in accordance with the pleadings and verdict of the jury.

REVERSED AND REMANDED.

[The State v. Max Solomons, ordered not be printed, decided the same point.]